## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:18CR00170** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **ISIDRO LARA-SOSA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SENTENCING MEMORANDUM AND
## ON BEHALF OF ISIDRO LARA-SOSA

Now comes Defendant, Isidro Lara-Sosa, by and through undersigned counsel and hereby respectfully submits the attached Sentencing Memorandum which is incorporated herein by reference for this Court's consideration. Defendant requests that this Court impose a reasonable sentence within the meaning and under the guidance of 21 U.S.C. §3553. The reasons, legal support and supporting documentation are attached hereto.

Respectfully submitted,

 **/s/ Michael J. Goldberg**
**MICHAEL J. GOLDBERG (0040839)**
**The Goldberg Law Firm**
323 Lakeside Avenue, Suite 450
Cleveland, Ohio  44113
Tel: 216-696-4514
Fax: 216-781-6242
Email: mjgjd@aol.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing have been filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**/s/ Michael J. Goldberg**
**MICHAEL J. GOLDBERG (0040839)**
*Attorney for Defendant*

## MEMORANDUM

## I.     STATEMENT OF FACTS

On May 6, 2019, Defendant, Isidro Lara-Sosa, entered a plea of Guilty to Count 1 of the Indictment, in violation 18 U.S.C. § 2422(b) (*Enticement*); Count 2 of the Indictment, in violation of 18 U.S.C. § 2423(b) (*Travel with Intent to Engage in Illicit Sexual Conduct*); and Count 3 of the Indictment, in violation 18 U.S.C. § 1470 (*Transfer of Obscene Material to Minors*). Defendant's plea was made pursuant to a written Plea Agreement.  This Court accepted Defendant's plea, found him guilty, and scheduled sentencing in this matter.  Defendant is presently scheduled for sentencing on August 20, 2019.  The offense conduct set forth in the Pre-Sentence Investigation Report between Paragraphs 3–9 accurately reflect Defendant's actions, and forms the factual basis of the guilty plea.

## II.    LAW AND ARGUMENT

### A.    DEFENDANT'S SUGGESTED GUIDELINE CALCULATION

Under the statutory scheme set forth in 18 U.S.C. § 2422(b), the United States Sentencing Guidelines (USSG § 5G1.2(b)) and with a Criminal History Category of **II**, Defendant's advisory sentencing range is 120 months.  The calculation is as follows:

GROUP 1 (Counts 1 & 2):

| | |
|---|---|
| **Base Offense Level**<br>    **U.S.S.G. § 2G1.3(a)(3)** | **28** |
| **Specific Offense Characteristics**<br>    **U.S.S.G. § 2G1.2(b)(3)** | **+ 2** |
| **Adjusted Offense Level** | **30** |

GROUP 2 (Count 3):

| | |
|---|---|
| **Base Offense Level**<br>    U.S.S.G. § 2G1.3(a) | **10** |
| **Specific Offense Characteristics**<br>    U.S.S.G. § 2G3.1(b)(D) | **+ 6** |
| **Adjusted Offense Level** | **16** |
| <u>**Greater of the Adjusted Offense Levels**</u> | <u>**30**</u> |
| **Acceptance of Responsibility**<br>    U.S.S.G. § 3E1.1(a)-(b) | **- 3** |
| *Total Offense Level* | *27* |
| *Criminal History Category* | II |
| *Sentencing Range*<br>    U.S.S.G. § 5G1.2(b) | *120 months* |

Defendant does not object to the Probation Department's calculation of the guideline range in this matter. Accordingly, this Court is now charged with imposing a reasonable sentence that is no greater than necessary to serve the purposes of sentencing. For the reasons more fully set out below, it is respectfully requested that this Court sentence Defendant to the lowest sentence permitted by law.

1.    <u>**The Sentencing Guidelines are Merely Advisory and Not Binding Upon this Honorable Court**</u>

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the Sentencing Guidelines are advisory only, not mandatory, and, that other factors set forth in 18 U.S.C. § 3553(a) must be considered in fashioning the appropriate sentence. <u>Id</u>. at 790 (finding sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determination.) These factors, as set forth in 18 U.S.C. § 3553(a), include:

4

1.      The nature and circumstances of the offense and the history and characteristics of the Defendant;

2.      The need for the sentence imposed B (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3.      The kinds of sentences available;

4.      The advisory guideline range;

5.      Any pertinent policy statements issued by the Sentencing Commission;

6.      The need to avoid unwarranted sentence disparities;

7.      The need to provide restitution to any victims of the offense. See Booker, 125 S. Ct. at 764.

Following the Supreme Court's finding in Booker, district courts have held that Afashioning a just sentence cannot be reduced to a mere arithmetical exercise [and that] reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment.   United States v. Biheiri, 356 F. Supp. 2d 589 (E. D. Va. 2005).

As stated in Booker, ASection 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.  Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.  125 S. Ct. at 766. The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence Asufficient, but not greater than necessary, to achieve the

four (4) purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation.  United States v. Phelps, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005).

The United States Supreme Court reemphasized the district court's discretion in fashioning a reasonable sentence.  See United States v. Gall, 2007 WL 4292116 (Case No. 06-7949, December 10, 2007).  Additionally, the Sixth Circuit has already ruled to apply this broadly discretionary reasonableness analysis.  See United States v. Lalonde, 2007 WL 4321998 (6th Cir. Case No. 06-4536, December 12, 2007).

Here, Defendant respectfully requests this Court to impose the mandatory minimum sentence of 120 months incarceration.  Defendant submits the requested sentence complies with law, fairly reflects the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense by requiring that he serve a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

### B.    OTHER SENTENCING CONSIDERATIONS

#### 1.    The History and Characteristics of the Defendant

The history and characteristics of Defendant mitigate in favor of the requested sentence.  Defendant has struggled with mental health issues since childhood. *See* PSIR, ¶¶ 51-53.  These issues have stemmed primarily from feelings of lack of self-worth. *Id.*  Although Defendant has not been formally diagnosed, the depressive and suicidal thoughts from which he has long suffered have been treated since he has been incarceration. PSIR, ¶ 53.  Defendant is open and willing to undergoing mental health treatment and counseling to address these underlying issues.

Encouragingly, Defendant does not now, nor has he ever, struggled with substance abuse problems. PSIR, ¶ 54.  And, although while in Mexico he failed the final year of high school, Defendant has a strong work ethic, as exhibited by the fact he has worked hard his entire life. *See* PSIR, ¶ 45, 56.  Defendant is the father of an 11-year-old son. PSIR, ¶ 47.  The child's mother, Defendant's ex-wife, describes Defendant as having been a "great father" to his son.  *Id*.  Despite Defendant and the child's mother divorcing, Defendant has remained a significant part of the child's life.  *Id*.  This has included seeing his son on a near daily basis, and sharing holidays and birthdays together as a family.  *Id*.

While Defendant acknowledges and appreciates the underlying issues and problems in his life which he must address, it is respectfully submitted that the minimum sentence is appropriate in this matter.  Aside from a 2012 misdemeanor conviction (identity deception) in an Indiana state court, Defendant has no other criminal history. In considering his lack of significant criminal history—as well as Defendant's willingness to address his underlying mental health issues, his strong work ethic and his lack of a history of substance abuse—it is submitted that the requested sentence is reasonable and fully complies with the pertinent law.  Defendant is a "great father" who, upon serving the mandatory minimum term of 120 months incarceration, should have the opportunity to resume participation in his child's life.

It is, therefore, submitted that the mandatory minimum sentence of 120 months incarceration would adequately reflect the seriousness of the offense, promote respect for the law and provide just punishment.  Such a sentence—10 years—would also be

7

an effective deterrent for Defendant and other potential offenders, in addition to affording protection to the public.

**III.**   <u>**CONCLUSION**</u>

Accordingly, based on the foregoing, Defendant, Isidro Lara-Sosa, respectfully requests that this Court impose a sentence of 120 months incarceration, coupled with any other sanctions this Court deems appropriate and just. Defendant submits this sentence fairly reflects the seriousness of the offense, will promote respect for the law, avoids unwarranted disparities and provides just punishment for the offense by requiring that he serve a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

 /s/ Michael J. Goldberg
MICHAEL J. GOLDBERG (0040839)
**The Goldberg Law Firm**
323 Lakeside Avenue, Suite 450
Cleveland, Ohio  44113
Tel: 216-696-4514
Fax: 216-781-6242
Email: mjgjd@aol.com
*Attorney for Defendant*